# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## WESTERN DIVISION

## CIVIL COMPLAINT

| | |
|---|---|
| RESTORED IMAGES CONSULTING, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 14-527 ) ) |
| DR. VINYL & ASSOCIATES, LIMITED, | ) ) ) |
| Defendant. | ) |

NOW COMES, the Plaintiff, RESTORED IMAGES CONSULTING, LLC, a Texas corporation ("Plaintiff"), by and through its attorneys, and for its Complaint as against DR. VINYL & ASSOCIATES, LIMITED ("Defendant"), states as follows:

## **PARTIES**

1. The Plaintiff is a Texas corporation with its principal place of business in Plano, Texas.

2. The Plaintiff is a franchisee of the Defendant, having signed a Master Franchise Agreement ("MFA") on or about December 1, 2005. A copy of the MFA is attached hereto as Exhibit A.

3. The Defendant is incorporated under the laws of the State of Missouri.

4. The Defendant is a franchisor and entered into a MFA with the Plaintiff on or about December 1, 2005.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this court based upon the diversity of citizenship pursuant to 28 U.S.C. Section 1332 in that the sum in controversy exceeds $75,000.00. In addition Plaintiff and Defendant are citizens of different states. Plaintiff is a corporation incorporated under the laws of the State of Texas with a principal place of business in Plano, Texas. The Defendant is a corporation incorporated under the laws of the State of Missouri with a principal place of business in Summit, Missouri.

6.      Venue is appropriate pursuant to 28 U.S.C. Section 1391 (1) in that the Defendant resides in the State of Missouri.

7.      In addition, pursuant to the MFA, paragraph 17(K) provides that jurisdiction shall be appropriate in the federal or state courts located in Jackson County, Missouri.

## BACKGROUND FACTS

8.      On or about December 1, 2004, the Plaintiff and Defendant entered in an MFA, a copy of which is attached hereto as Exhibit A. Defendant holds itself out to the public as a franchisor.

9.      Specifically, Defendant purportedly sells franchises under the name of "Dr. Vinyl".

10.     The Dr. Vinyl franchisees claim to have been in business for 41 years and is the number one name in automotive interior repair. Specifically, the Defendant advertises that Dr. Vinyl repairs scuffs and tears, cracks, burns, stains and can make leather or vinyl surfaces in an automobile look new again.

11. The Defendant, upon information and belief, has franchisees operating under a variety of different franchise agreements in various States throughout in the United States.

12. Though the Defendant advertises that it has other franchisees, operating in areas outside the United States, the Plaintiff is not aware of any.

13. In addition to the MFA executed by the Plaintiff, the Plaintiff also executed a Franchise Agreement on or about December, 1996. Thus, in addition to the MFA, the Plaintiff is also a franchisee under the aforesaid Franchise Agreement.

14. This cause of action is based upon various breaches of the MFA.

15. For example, the Plaintiff was the "master franchisee" under the MFA, as that term is defined under the MFA. Pursuant to the MFA, the Plaintiff was granted certain rights that other franchisees were not granted.

16. As a master franchisee, the Plaintiff was granted an exclusive territory where Plaintiff operated its business pursuant to the MFA. If a new Dr. Vinyl franchise executed a franchise agreement and made payment to Defendant, the Plaintiff would be paid the sum of $10,000.00 for each such franchisee operating in the Plaintiff's territory.

17. As to those new franchisees operating in Plaintiff's territory, and pursuant to paragraph 8(A) of the MFA, the Defendant was required to pay the Plaintiff the sum of $10,000.00 in the month following "clearance" of the full payment of the initial franchise fee by the Dr. Vinyl franchisee and "after deposit to the Franchisor's account in clearance by the maker's bank or financial institution."

18. The transaction between Shawn Morris and the Defendant occurred many years ago and all of the conditions precedent to payment, as set forth in paragraph 8(A) have been fulfilled. Thus, the sum of $10,000.00 is owed to Plaintiff.

19. Notwithstanding the same, and despite Plaintiff's repeated demands for payment, the Defendant has failed to pay those sums due and owing Plaintiff pursuant to paragraph 8 A of the MFA.

20. In addition, pursuant to paragraph 8 B of the MFA, Defendant is required to pay plaintiff a percentage of the royalty fees ("Royalty Payment") that Defendant receives from Dr. Vinyl franchisees operating in Plaintiff's territory.

21. Defendant has paid the Plaintiff some Royalty Payments. However, the Defendant has drastically underpaid Plaintiff over a several year period of time.

22. By way of example, if the annual royalty revenues paid to Defendant by other Dr. Vinyl franchisees operating in Plaintiff's territory ranged from $1.00 to $125,000.00 Defendant would pay the Plaintiff a Royalty Payments of (20%) twenty percent of the royalty revenues. If the annual royalty revenues paid to Defendant by Dr. Vinyl franchisees operating in Plaintiff's territory ranged between $125,001.00 to $200,000.00 the rebate percentage was increased to (35%) thirty five percent.

23. If the royalty revenues increased beyond $200,000.00, the percentage required to be paid to the Plaintiff increased and thus, the Royalty Payments also increased.

24. Throughout at least the last several years, the Dr. Vinyl franchisees, operating in Plaintiff's territory, paid to Defendant annual royalty revenues that exceeded the sum of $125,001.00. The Royalty Payment due to Plaintiff should have been based upon (35%) thirty five percent of the royalty revenues paid to Defendant and not (20%) twenty percent.

25. The Plaintiff has been provide by Defendant some financial information that has enable Plaintiff to make a preliminary estimate as to the Royalty Payments due Plaintiff by Defendant. Unfortunately, despite the Plaintiff's demand that the Defendant provide it additional

financial information so that Plaintiff can make a precise calculation as to the sums Defendant owes the Plaintiff, the Defendant has failed and/or refused to turn over such financial records.

26. However, based on available information it is clear that the Defendant is indebted to the Plaintiff for Royalty Payments in a sum of at least $310,000.00.

27. In addition, the Defendant has made certain deductions from these Royalty Revenues that are payable to the Plaintiff. For some unknown reason the Defendant has reduced Royalty Payments owed to the Plaintiff by the sum of $12,953.92.

28. Thus, based on the foregoing, the Defendant is indebted to the Plaintiff in the sum of $332,953.42.

## COUNT ONE – BREACH OF AGREEMENT

28. The Plaintiff re-alleges and incorporates Paragraphs 1 through 27 as if fully set forth as Paragraphs 1-27 of this Count I.

29. The Plaintiff and Defendant entered into the MFA dated December 1, 2004.

30. The MFA, by agreement of the parties extended from time to time.

31. The MFA remains in full force and effect as of the filing of this Complaint.

32. Pursuant to the MFA, specifically paragraph 8(A), the Defendant was to pay to the Plaintiff the sum of $10,000.00 for each additional Dr. Vinyl franchise that opened a frnachisee in the Plaintiff's territory.

33. In fact, Plaintiff at least one additional franchisee opened in the Plaintiff's territory, Shawn Morris. However the Defendant has failed and refused to pay to the Plaintiff the sum of $10,000.00 pursuant to the terms and conditions of the MFA.

34. Despite the fact that all of the conditions precedent of payment to the Plaintiff have been met, Defendant continues to refuse to pay the same.

35. In addition, as set forth herein, Defendant refuses to pay those sums of monies for Royalty Payments and has wrongfully deducted, in other instances, sums of money that are due the Plaintiff.

37. Though the Plaintiff has performed all of its obligations pursuant to the MFA and Franchise Agreement, the Defendant has breached the agreement by failing to pay those sums of monies owed to the Plaintiff as outlined herein.

38. As a result, the Plaintiff has been damaged in a sum of approximately $332,953.42.

39. Pursuant to paragraph 17 E the Plaintiff is entitled to its attorneys' fees if it is the prevailing party in this litigation.

WHEREFORE, the Plaintiff, RESTORED IMAGES CONSULTING, LLC, prays that this Honorable Court enter a judgment in its favor and against DR. VINYL & SSOCIATES, LIMITED, in the amount of $332,953.42, plus costs and attorneys' fees, and for any other relief this Court deems just and fit.

Respectfully submitted,

RESTORED IMAGES
CONSULTING, LLC

By: /s/Jeremiah Kidwell
JEREMIAH KIDWELL
(Missouri Bar No. 55130)
KIDWELL & CONKRIGHT
1150 Grand, Suite 320
Kansas City, Missouri 64106
Telephone: (816) 548-3377
Facsimile: (816) 548-3378
Email: jkidwell@kidwell-conkright.com
ATTORNEY FOR PLAINTIFF