IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RESTORED IMAGES CONSULTING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-527-DGK |
| | ) | |
| DR. VINYL & ASSOCIATES, LTD., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER COLLINS, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

### ORDER DENYING LEAVE TO FILE AN AMENDED ANSWER

Defendant Dr. Vinyl & Associates, Ltd. ("Dr. Vinyl") has moved for leave to amend its answer to Count II of Plaintiff Restored Image Consulting, LLC's ("Restored Images") second amended complaint (Doc. 124). Having considered Dr. Vinyl's written motion, and having telephonically heard oral argument on the matter, the Court DENIES the motion.

#### Background

The Court's scheduling order allowed the parties until December 2, 2014, to file motions to amend their pleadings. On December 18, 2015, Dr. Vinyl filed the pending motion to amend its answer. Dr. Vinyl wants to plead the affirmative defense created by the statute of frauds.

Dr. Vinyl argues that Restored Images did not identify its claimed damages until the week prior, so it could not determine whether or not the statute of frauds applied. Restored Images responds that it disclosed these damages, in substantially identical form, several months ago in its answer to Interrogatory No. 15. Although Restored Images did not indicate when it

responded to Interrogatory No. 15, its most recent set of interrogatory answers were served on June 9, 2015 (Doc. 94).

## Discussion

Although leave to amend shall be freely given when justice so requires, *see* Fed. R. Civ. P. 15(a), "[t]here is no absolute right to amend after the deadline for amendment in a scheduling order." *Trim Fit, LLC v. Dickey*, 607 F.3d 528, 531 (8th Cir. 2010). "[I]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements," though any "prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor." *Sherman*, 532 F.3d at 716–17.

Here, because Dr. Vinyl filed its motion to amend over a year after the deadline to file such motions, it must show "good cause" for an extension of time. *See id.* at 716. It has not done so. Chiefly, the Court is unconvinced that Dr. Vinyl diligently attempted to discover all information related to Restored Images's damages before December 18, 2015. Restored Images claims to have given Dr. Vinyl that information—that is, all of the discovery Dr. Vinyl would need to raise a statute of frauds defense in good faith—in its response to Interrogatory No. 15, which was served at least six months ago. Dr. Vinyl has not disputed that claim. Waiting six months, until three and a half weeks before trial, to move to amend is inexcusably dilatory. Therefore, the Court finds that Dr. Vinyl was not diligent in attempting to meet the scheduling order's requirements. *See id.*

Additionally, allowing an amended answer would unfairly prejudice Restored Images. The statute of frauds is not a purely legal issue, as it is subject to exceptions such as factual fraud or application of promissory estoppel. *E.g. Mika v. Cent. Bank of Kan. City*, 112 S.W.3d 82, 88–89 (Mo. Ct. App. 2003). Restored Images advises that, had it been on notice of a statute of frauds defense, it would have conducted discovery differently and invoked fraud or promissory estoppel. At the very least, it would need time to file a response to a new affirmative defense, time that is in short supply as trial nears. On this basis, the Court finds that Restored Images would be unfairly prejudiced if Restored Images is subject to a new affirmative defense at this late stage. *See Sherman*, 532 F.3d at 717.

The Court finds no good cause to allow a late amendment to Dr. Vinyl's answer. *See id.* at 716–17; Fed. R. Civ. P. 15(a)(2), 16(b)(4). Therefore, the motion is denied.

## Conclusion

In view of the foregoing, the Court DENIES Dr. Vinyl's motion for leave to amend its answer (Doc. 124).

**IT IS SO ORDERED.**

Date:  December 21, 2015     /s/ Greg Kays
                             GREG KAYS, CHIEF JUDGE
                             UNITED STATES DISTRICT COURT