# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RESTORED IMAGES CONSULTING, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DR. VINYL & ASSOCIATES, LTD., ) <br> ) <br> Defendant, ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER COLLINS, ) <br> ) <br> Third-Party Defendant. ) | No. 4:14-CV-527-DGK |

## ORDER DENYING LEAVE TO FILE AN AMENDED COMPLAINT

This case involves a franchise agreement between Defendant Dr. Vinyl & Associates, Ltd. ("Dr. Vinyl"), and Plaintiff Restored Images Consulting, LLC ("Restored Images"), the sole member of which is Third-Party Defendant Christopher Collins ("Collins"). The matter proceeded to a bench trial, which the Court held on January 12–13, 2016.

Restored Images has since moved for leave to amend its pleadings to conform to the evidence at trial. "A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." Fed. R. Civ. P. 15(b)(2). "An amended complaint that 'merely amplifies some of the allegations that have been proven' should be allowed." *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1256 (8th Cir. 1994). This is especially the case "where the adverse party will not be prejudiced." *Am. Federation of State, Cnty., & Mun. Employees v. City of Benton*, 513 F.3d 874, 883 (8th Cir. 2008).

Moreover, if "a party files for leave to amend outside of the court's scheduling order," as here, "the party *must* show cause to modify the schedule." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements," though any "prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor." *Sherman*, 532 F.3d at 716–17. Diligence is absent where there has been "no change in the law, no newly discovered facts, or any other changed circumstance." *Id.* at 718.

Here, Restored Images's proposed amended complaint helpfully streamlines many of the unclear allegations that plague the operative complaint. But the proposed amended complaint does more than just "amplify" facts adduced at trial. Rather, it converts its breach of oral contract claim in Count II into a promissory estoppel claim. The Court finds that Restored Images has never previously raised a promissory estoppel claim. Restored Images casts Count II as a breach of contract claim in its pre-trial schedule of remaining claims (Doc. 119). It appears that Restored Images has decided, after the evidence was submitted, to add a new claim without affording Dr. Vinyl the opportunity to rebut. The Court finds that the unfairness of allowing this new claim greatly outweighs the benefits of clarifying Restored Images's allegations. Therefore, Rule 15(b)(2) does not warrant allowing this new complaint.

Nor is there good cause to allow Restored Images to amend its pleadings out of time. Restored Images filed this motion fifteen months after the deadline to amend the pleadings. It has not provided an excuse for why it missed the deadline, nor can the Court discern any valid reason. Instead, the Court finds Restored Images was not diligent in attempting to meet the deadline for amending the pleadings.

Allowing an amendment would prejudice Dr. Vinyl because it has not had an opportunity to answer this claim. Even if the Court permitted Dr. Vinyl to answer and then to reopen discovery, Dr. Vinyl would be greatly prejudiced by having to prolong its participation in this case.

Finally, good cause is absent as a matter of basic fairness. Three weeks before trial, the Court denied Dr. Vinyl's motion to amend its answer to raise a new affirmative defense. Restored Images deserves to be treated the same way. Therefore, allowing this new complaint is unwarranted under Rule 16(b)(4).

The Court DENIES Restored Images's motion (Doc. 143).

**IT IS SO ORDERED.**

Dated: May 31, 2016        /s/ Greg Kays
                           GREG KAYS, CHIEF JUDGE
                           UNITED STATES DISTRICT COURT