# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| RESTORED IMAGES CONSULTING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-527-DGK |
| | ) | |
| DR. VINYL & ASSOCIATES, LTD., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER COLLINS, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## ORDER DENYING MOTION FOR ADDITIONAL FINDINGS OF FACT

This case involves a franchise agreement between Defendant Dr. Vinyl & Associates, Ltd. ("Dr. Vinyl"), and Plaintiff Restored Images Consulting, LLC ("Restored Images"), the sole member of which is Third-Party Defendant Christopher Collins. The parties tried their claims to the Court on January 12 and 13, 2016. The Court found in favor of Restored Images on one count of breach of contract, and denied all other claims.

Now before the Court is Restored Images's "Motion for Additional Findings Pursuant to F.R.C.P. 52(b)" (Doc. 151). Because the Court has already made every finding necessary to dispose of this case, the motion is DENIED.

### Background

The Court found that Dr. Vinyl and Restored Images signed a Master Franchise Agreement ("MFA") which required Dr. Vinyl to pay Restored Images $10,000 for each franchise Restored Images sold. Restored Images sold one franchise, but Dr. Vinyl did not pay

the commission. Accordingly, the Court found Dr. Vinyl breached the MFA. The Court also found the MFA is in effect from December 2004 to November 2024.[1] The Court did not address Paragraph 7 of the MFA's Addendum, which read, "Upon a sale of Dr. Vinyl & Associates, LTD Restored Images Consulting, LLC can not be terminated without receiving fair market value for master franchise agreement." [sic] (Ex. 3 ¶ 7).

## Discussion

After the court hears a case and issues findings of fact, a party may move the court to add new findings. Fed. R. Civ. P. 52(b). Restored Images asks the Court to make additional findings that Dr. Vinyl breached Paragraph 7.

Assuming without deciding that Dr. Vinyl was sold, and that Restored Images did not receive fair market value for its MFA, Restored Images did not violate Paragraph 7 because the MFA was never terminated. Restored Images does not explain how the MFA was terminated; Richard Reinders's testimony that the MFA was terminated is irrelevant because it impermissibly opined on an ultimate issue. *See* Fed. R. Evid. 701 (precluding lay witnesses from testifying on an ultimate issue); *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010) (making "breach" an ultimate issue for Missouri breach-of-contract actions). To the contrary, the MFA is in effect for eight more years. Therefore, additional findings are unnecessary. *See also, e.g.*, *Sala v. United States*, 251 F.R.D. 614, 619 (D. Colo. 2008) (denying a Rule 52(b) motion because the findings sought were immaterial).

The motion (Doc. 151) is DENIED.

Nonetheless, the Court has identified a typographical error in its order. The phrase "Per Paragraph 6(B) of the MFA, Collins had to pay Dr. Vinyl 7% of its monthly gross sales—or

---

[1] Specifically, the Court found: "Because Restored Images had the unilateral right to renew the MFA, it effectively extended the MFA through November 30, 2024." (Doc. 147 at 10). It later concluded: "[N]or did [Dr. Vinyl] terminate the MFA for nonperformance." (*Id.* at 17).

$200, which was greater . . ." on page 31 is changed to read, "Per Paragraph 6(B), Collins had to pay Dr. Vinyl 7% of its monthly gross sales—or $200, whichever was greater . . . ."  The *DeCoursey* and *Barkley* citations on pages 26 and 35, and mis-numbered headers on pages 24, 30, and 33, also require updating.  The Court will file an amended document reflecting these changes.

     **IT IS SO ORDERED.**

Dated:   July 27, 2016                     /s/ Greg Kays
                                                  GREG KAYS, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT