IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RESTORED IMAGES CONSULTING, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DR. VINYL & ASSOCIATES, LTD., ) <br> ) <br> Defendant, ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER COLLINS, ) <br> ) <br> Third-Party Defendant. ) | No. 4:14-CV-527-DGK |

**ORDER HOLDING DEFENDANT LIABLE FOR CERTAIN ATTORNEYS' FEES**

This case involves a franchise agreement between Defendant Dr. Vinyl & Associates, Ltd. ("Dr. Vinyl"), and Plaintiff Restored Images Consulting, LLC ("Restored Images"), the sole member of which is Third-Party Defendant Christopher Collins ("Collins"). The parties tried their claims to the Court on January 12 and 13, 2016. The Court found in favor of Restored Images on one count of breach of contract, and found no party proved any other claim.

Before the Court is Restored Images and Collins's motion for attorneys' fees (Doc. 149). As explained below, the Court finds Dr. Vinyl liable to Restored Images and Collins for their reasonable attorneys' fees related to the breach of contract claims. The motion is GRANTED.

**Discussion**

Dr. Vinyl breached a Master Franchise Agreement that read, "If a claim for amounts owed by [Dr. Vinyl] to [Restored Images] is asserted in any legal proceeding before a court of competent jurisdiction . . . , the party prevailing in that proceeding is entitled to reimbursement

of its costs and expenses incurred, including reasonable accounting and legal fees." (Ex. 2 ¶ 17(E)). Similarly, Dr. Vinyl sued Collins under his Franchise Agreement, which entitled "the party prevailing" to reimbursement of reasonable attorneys' fees. (Ex. 1 ¶ 16(F)). Claiming to be prevailing parties, Restored Images and Collins seek attorneys' fees under these contracts.

If contractually permitted, a prevailing party may recoup attorneys' fees incurred enforcing the contract. *DocMagic, Inc. v. Mortg. P'ship of Am., L.L.C.*, 729 F.3d 808, 812 (8th Cir. 2013) (applying Missouri law). If the contract does not define what it means to be a prevailing party, then the court applies the default definition under Missouri law. *Id.* Neither the MFA nor the Franchise Agreement define "the party prevailing," so the Court consults Missouri law to decide whether Restored Images and Collins are entitled to attorneys' fees.

Missouri has "two different analytical approaches for determining a prevailing party." *Id.* at 813; *see id.* at 814 (discussing "the tension in Missouri cases between the [two] approaches" but affirming a fee award to a party which prevailed under each approach). The first is called main-issue analysis. *Id.* at 813. Under that approach, a party "prevails" if it succeeded on "the main issue in dispute." *Id.* (quoting *Ken Cucchi Constr., Inc. v. O'Keefe*, 973 S.W.2d 520, 528 (Mo. Ct. App. 1998)). A court must decide which issue is the "main [one] in dispute" from the perspective of the party seeking fees, a case-specific inquiry. *Martin Underground LLC v. Trinity Excavating & Constr., Inc.*, 308 P.3d 31, 2013 WL 5188533, at *7 (Kan. Ct. App. 2013) (table decision) (compiling Missouri cases). A party must prevail on the main issue in dispute, though it need not recover all relief it originally asked for. *Ken Cucchi Constr.*, 973 S.W.2d at 528.

The Court starts with Restored Images. Restored Images claimed Dr. Vinyl breached the MFA in three ways: failing to pay a $10,000 franchise-sale bonus (Count I); failing to pay

royalties (also Count I); and failing to give Dr. Vinyl a disclosure document to give to prospective franchisees (Count III). The main issue in this case, from Restored Images's perspective and given the parties' emphasis on it at trial, was Dr. Vinyl's alleged failure to pay Restored Images the monetary benefits due to it as a master franchisee. *See also Martin Underground LLC*, 2013 WL 5188533, at *8. This encompasses Restored Images's first two claims, one of which it won: the franchise-sale bonus. It is therefore the prevailing party under the main-issue approach. Although Restored Images lost on its royalties claim, a party need not run the table to be a prevailing party. *See Ken Cucchi Constr.*, 973 S.W.2d at 528.

Next comes Collins. Dr. Vinyl sued Collins for breaching the Franchise Agreement in a single way. That issue is necessarily the main issue. Because Dr. Vinyl failed to prove a breach, Collins prevails under the main-issue analysis.

Alternatively, Missouri courts determine the prevailing party by something called a net-prevailing-party analysis. *DocMagic, Inc.*, 729 F.3d at 813. Under the net-prevailing-party approach, the court "essentially arithmetically calculates which party received 'the most points' . . . 'at the end of the contest.'" *Id.* at 813 (citing *Ozias v. Haley*, 125 S.W. 556, 557 (Mo. Ct. App. 1910)). "Points" may be dollars awarded, or it may be the number of claims that the party won and successfully defended against. *Id.* at 813–14.

Restored Images prevailed if the metric is monetary: Restored Images recovered $10,000 from Dr. Vinyl, and Dr. Vinyl recovered nothing. Restored Images also prevailed if the metric is how many claims it won versus Dr. Vinyl. Restored Images and Dr. Vinyl brought eight claims against each other. Restored Images won one and successfully defended against five. Dr. Vinyl won none and successfully defended against only two. By a score of 6–2, Restored Images is the net prevailing party. *See id.* at 814.

3

As for Collins, neither he nor Dr. Vinyl recovered money on the sole Franchise Agreement claim. Nonetheless, Collins successfully defended against that one claim. Collins is therefore the net prevailing party on the third-party complaint. *See id.* (crowning a litigant the prevailing party even though it recovered less money, because it won more claims).

Restored Images and Collins were the prevailing parties in their respective contracts. Dr. Vinyl is thus liable for fees per the MFA and Franchise Agreement.

## Conclusion

For the reasons above, the motion (Doc. 149) is GRANTED. Dr. Vinyl is liable for attorneys' fees that Restored Images and Collins incurred enforcing their respective contracts.

The Court will now receive submissions on the relevant attorneys' fees paid by Restored Images and Collins. *See* Fed. R. Civ. P. 54(d)(2)(C). No later than September 2, 2016, Restored Images and Collins must submit a joint fee petition. Restored Images and Collins must limit their petition to what the MFA and Franchise Agreement entitle them to recover. For example, Collins may not seek attorneys' fees related to the tortious interference claim against him, because no authority permits him to recover for that claim.

Within seventeen days after Restored Images and Collins file their fee petition, Dr. Vinyl may file a brief, not to exceed ten pages, challenging the recoverability of those fees. Within ten days thereafter, Restored Images and Collins may file a reply brief not to exceed ten pages.

The parties are, of course, welcome and encouraged to resolve this issue on their own.

**IT IS SO ORDERED.**

Dated:  August 12, 2016           /s/ Greg Kays
                                                      GREG KAYS, CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT